12-149-cr
United States v. Green

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of December, two thousand twelve.

PRESENT: DENNIS JACOBS,
　　　　　　　　　　　　　　　　　**Chief Judge,**
　　　　　　RALPH K. WINTER,
　　　　　　SUSAN L. CARNEY,
　　　　　　　　　　　　　　　　　**Circuit Judges.**

- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
　　　　**Appellee,**

　　　　**-v.-**　　　　　　　　　　　　　　　　　**12-149-cr**

ANDRE GREEN,
　　　　**Defendant-Appellant.**
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:　　　　　　YUANCHUNG LEE, Federal Defenders of New York, Inc., Appeals Bureau, New York, New York.

FOR APPELLEES:　　　　　　MATTHEW L. SCHWARTZ (Andrew L. Fish, <u>on the brief</u>) <u>for</u> Preet Bharara, United States

Attorney's Office for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Pauley, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Andre Green challenges his sentence for failing to register as a sex offender, arguing that the district court erred in denying him a three-level reduction under United States Sentencing Guidelines § 2A3.5(b)(2)(B). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

A district court "commits procedural error where it fails to calculate the Guidelines range (unless omission of the calculation is justified), makes a mistake in its Guidelines calculation, . . . treats the Guidelines as mandatory[,] . . . does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact." <u>United States v. Cavera</u>, 550 F.3d 180, 190 (2d Cir. 2008) (internal citations omitted). We review a district court's interpretation of the Sentencing Guidelines <u>de novo</u> and its related findings of fact for clear error. <u>United States v. Cain</u>, 671 F.3d 271, 301 (2d Cir. 2012).

The Guidelines provide for a three-level reduction if the defendant "voluntarily . . . (B) attempted to register but was prevented from registering by uncontrollable circumstances and the defendant did not contribute to the creation of those circumstances." U.S.S.G. § 2A3.5(b)(2). Green argues that the district court erroneously added a requirement that, to be entitled to the reduction, he must have "complied [with the statute] as soon as such circumstances ceased to exist." This language derives from an affirmative defense outlined in 18 U.S.C. § 2250(b) and is not a prerequisite to receiving a Guidelines reduction.

But the district court did not rest its decision on Green's inability to make out an affirmative defense under 18 U.S.C. § 2250(b). Instead, the court faithfully adhered to the (less stringent) requirements set forth in § 2A3.5(b)(2)(B) and concluded that Green did not merit such a

2

reduction.  The court found that while the uncontrollable circumstances claimed by Green *may* have prevented him from registering as a sex offender immediately upon entering New York, they did not impede his efforts throughout the subsequent year that he remained in the state before being arrested for this offense.  This decision is well supported.

Finding no merit in Green's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, CLERK